IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARCELA NICOLE SAUZO VARGAS,
BY AND THROUGH MAYRA VARGAS RUIZ,

    Plaintiff,

vs.

MADISON METROPOLITAN SCHOOL DISTRICT,
JENNIFER CHEATHUM, SUPERINTENDENT

and

COMMUNITY INSURANCE COPORATION

    Defendants.

Case No. 18-cv-272

## COMPLAINT

The plaintiff, Marcela Nicole Sauzo Vargas, a disabled adult, by and through Mayra Vargas Ruiz, her legal guardian, and by her attorneys Arellano & Phebus, S.C. hereby states as follows for her complaint:

## NATURE OF THE CASE

1.    This is a civil action seeking monetary damages for the plaintiff, Marcela Nicole Sauzo Vargas, who was a mentally disabled child at the time of the events complained of herein.  Plaintiff asserts claims under Title V of the Rehabilitation Act, 29 U.S.C. § 794 ("Rehabilitation Act"), and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA") alleging that the defendant made a gross misjudgment (departing grossly from accepted standards among educational professionals) and/or recklessly indifferent to complaints by plaintiff's mother that a fellow student had indicated a plan and intent to

1

sexually assault plaintiff, said threat was carried out in one of its schools in a manner that interfered with plaintiff's educational opportunities.

## JURISDICTION AND VENUE

2. Jurisdiction is predicated upon 28 U.S.C. § 1331, as this action arises under the laws of the United States. Jurisdiction is further predicated upon 20 U.S.C. § 794 (a)

3. Venue is appropriate in this District as the school district is located in Madison, Wisconsin and all the District's actions complained of herein have taken place within this judicial district.

## PARTIES

4. Marcela Nicole Sauzo Vargas, was a minor at the time of the events complained of herein, is presently nineteen years of age and resides with her natural mother Angela Mayra Vargas Ruiz in Fitchburg, Wisconsin.  Marcela Nicole Sauzo Vargas has both cognitive and mental disabilities. The principal of her school, Peter Hartman, described her cognitive abilities as that of a five year old at the time of the events herein.  Marcela Nicole Sauzo Vargas was eligible to receive educational services from Defendant.

5. The defendant Madison Metropolitan School District ("the District") is a public school district in the State of Wisconsin within this judicial district. It receives federal funding and is thereby required to follow the requisites of the Rehabilitation Act.

6. The defendant Jennifer Cheathum is the Superintendent of Madison Metropolitan School District.

7. Community Insurance Corporation is an insurance corporation which issued a policy of insurance which insures Madison Metropolitan School District for liability for these claims.

**FACTUAL ALLEGATIONS**

8.      Marcela Nicole Sauzo Vargas attended the Madison Metropolitan School District beginning September 21, 2013.

9.      The defendant prepared an Individualized Educational Plan ("IEP") pursuant to the Individuals with Disabilities Education Act to address her disabilities.

10.     On April 20, 2015, Marcela Nicole Sauzo Vargas was the victim of a sexual assault by Nelson Velazquez-Gandia, who was a fellow student at Madison Memorial High School.

11.     Prior to April 20, 2015, the officials at Madison Memorial knew that Nelson Velazquez-Gandia had been suspended or expelled from a prior school in Orlando, Florida for a "sexual incident". Madison Memorial allowed the transfer of Nelson Velazquez-Gandia despite the knowledge that the school officials in Florida had "glossed over" the event that occurred at their school. He began attending Madison Memorial on March 5, 2015.

12.     Prior to April 20, 2015, Mayra Vargas Ruiz, reported to Madison Memorial employees that Nelson Velazquez-Gandia was trying to have sex with her daughter. She was told that the school had it under control.

13.     No actions were taken in response to Mayra Vargas Ruiz complaint/warning. The sexual assault occurred in a dead spot of the school

**COUNT I**
**(Violation of Section 504 of the Rehabilitation Act of 1973)**

14.     The allegations set forth above in paragraphs 1-13 are incorporated by reference herein.

15. At all times relevant to this Complaint, Marcela Nicole Sauzo Vargas was an individual with a disability within the meaning of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C § 794.

16. During all relevant times, the Defendant received federal funding for purposes of being subject to this Act.

17. The defendant made a gross misjudgment (departing grossly from accepted standards among educational professionals) and/or was deliberately indifferent to the threat of sexual assault.

18. The defendant violated the plaintiffs' rights under the Rehabilitation Act by failing to halt the threatened sexual assault.

19. As a direct and proximate result of this deliberate depravation of rights, Marcela Nicole Sauzo Vargas suffered sexual assault, serious harm, including physical trauma, a loss of educational services, ongoing severe and grievous mental and emotional anguish, loss of time from school, and severe pain and suffering.

## COUNT II
### (Violation of Title II of the Americans With Disabilities Act)

20. The allegations set forth above in paragraphs 1-19 are incorporated by reference herein.

21. During all times relevant to this Complaint, Marcela Nicole Sauzo Vargas was an individual with a disability within the meaning of Title II of the ADA.

22. The defendant is a "public entity" within the meaning of the ADA.

23. The defendant made a gross misjudgment (departing grossly from accepted standards among educational professionals) and/or was deliberately indifferent to the threat of sexual assault.

24. The defendant violated the plaintiffs' rights under the ADA by failing to halt the sexual assault.

25. As a direct and proximate result of this deliberate depravation of rights, Marcela Nicole Sauzo Vargas suffered sexual assault, serious harm, including physical trauma, a loss of educational services, ongoing severe and grievous mental and emotional anguish, loss of time from school, and severe pain and suffering.

WHEREFORE, the plaintiff requests the Court grant the following relief:

1. Declaring that the acts complained of herein violate the Rehabilitation Act and the ADA;

2. Awarding the plaintiff compensatory damages for injuries suffered by reason of Defendant's unlawful conduct;

3. Enjoining the defendant from violating the plaintiff's rights under the Rehabilitation Act and the ADA;

4. Awarding the plaintiff her attorneys' fees, reasonable expert fees, and costs; and

5. Ordering such other relief as the Court deems just and proper.

**JURY DEMAND FOR TRIAL**

Dated this 17th day of April, 2018.

ARELLANO & PHEBUS, S.C.
Attorneys for Plaintiff

*s/ Douglas J. Phebus*
Douglas J. Phebus
State Bar No. 1029524
dphebus@aplawoffice.com
Victor M. Arellano
State Bar No 1011684
varellano@aplawoffice.com
1468 N. High Point Road, Suite 102
Middleton, WI 53562-3683
Telephone: 608.827.7680
Facsimile: 608.827.7681