UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

MARCELA NICOLE SAUZO VARGAS,
by and through MAYRA VARGAS RUIZ,

      Plaintiff,

  v.                                                   Case No. 18-cv-272

MADISON METROPOLITAN SCHOOL DISTRICT,
JENNIFER CHEATHUM and
COMMUNITY INSURANCE CORPORATION,

      Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, Madison Metropolitan School District ("School District"), Jennifer Cheathum and Community Insurance Corporation, by their undersigned attorneys, and for their Answer to Plaintiff's Complaint state as follows:

1. Deny the allegations in Paragraph 1 of Plaintiff's Complaint.

2. The allegations contained in Paragraph 2 of Plaintiff's Complaint are legal conclusions for which no answer is necessary or required. To the extent an answer is deemed necessary or required, admit only that Plaintiff asserts claims under federal law, and therefore the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. The allegations contained in Paragraph 3 of Plaintiff's Complaint are legal conclusions for which no answer is necessary or required. To the extent an answer is deemed necessary or required, admit that the events at issue occurred in Madison, Dane County, Wisconsin, and that venue in this court is proper. Deny any remaining allegations contained therein.

4. In answering Paragraph 4 of Plaintiff's Complaint, admit that Marcela Nicole Sauzo Vargas (hereinafter "Marcela") was a minor as of April of 2015 and has, at various times, resided with her mother, Mayra Vargas Ruiz; further admit that Marcela received special education and related services from the School District. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiff to her proof thereon.

5. In answering Paragraph 5 of Plaintiff's Complaint, admit that the School District is a public school district in the State of Wisconsin; further admit that the School District receives federal funding. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required. To the extent an answer is deemed necessary or required, deny the same and put Plaintiff to her proof thereon.

6. Admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Admit the allegations contained in Paragraph 7 of Plaintiff's Complaint. Affirmatively allege that the policy of insurance speaks for itself and is subject to its terms, conditions and all other provisions.

8. In answering Paragraph 8 of Plaintiff's Complaint, admit that Marcela attended the School District at various times, including during April of 2015. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and put Plaintiff to her proof thereon.

9. Admit the allegations contained in Paragraph 9 of Plaintiff's Complaint. Affirmatively allege that Marcela's IEPs speak for themselves.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore deny the same and put Plaintiff to her proof thereon.

11. Deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. In answering Paragraph 13 of Plaintiff's Complaint, admit that the alleged sexual assault occurred in a location of the school that was not visible via the school's video cameras. Deny the remaining allegations contained therein.

14. In answering Paragraph 14 of Plaintiff's Complaint, Defendants reallege and incorporate by reference as if fully set forth herein the preceding paragraphs of their Answer.

15. The allegations contained in Paragraph 15 of Plaintiff's Complaint are legal conclusions for which no answer is necessary or required.

16. In answering Paragraph 16 of Plaintiff's Complaint, admit that Defendant School District receives federal funding. The remaining allegations contained therein are legal conclusions for which no answer is necessary or required.

17. Deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. In answering Paragraph 19 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the Plaintiff's alleged injuries and/or damages, and therefore deny the same and put Plaintiff to her proof thereon. Deny the remaining allegations contained therein.

20. In answering Paragraph 20 of Plaintiff's Complaint, Defendants reallege and incorporate by reference as if fully set forth herein the preceding paragraphs of their Answer.

21. The allegations contained in Paragraph 21 of Plaintiff's Complaint are legal conclusions for which no answer is necessary or required.

22. The allegations contained in Paragraph 22 of Plaintiff's Complaint are legal conclusions for which no answer is necessary or required.

23. Deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. In answering Paragraph 25 of Plaintiff's Complaint, deny knowledge or information sufficient to form a belief as to the truth of the Plaintiff's alleged injuries and/or damages, and therefore deny the same and put Plaintiff to her proof thereon. Deny the remaining allegations contained therein.

26. Deny all allegations contained in Plaintiff's Complaint that are not affirmatively admitted herein.

## AFFIRMATIVE DEFENSES

Defendants Madison Metropolitan School District, Jennifer Cheathum and Community Insurance Corporation further answering Plaintiff's Complaint by way of an affirmative defense applicable to all claims for relief allege as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted;

2. Plaintiff may have failed to exhaust administrative remedies as required by law;

3. Plaintiff's claims against Defendant Jennifer Cheathum fail to state a claim upon which relief may be granted in that the claims asserted by Plaintiff do not provide for recovery against an individual employee or official of the School District; and

4. Plaintiff's injuries and/or damages may have been proximately caused by the actions of persons over whom these answering Defendants have no responsibility or control.

WHEREFORE, Defendants Madison Metropolitan School District, Jennifer Cheathum and Community Insurance Corporation demand judgment dismissing Plaintiff's Complaint, and awarding these Defendants their costs, attorney's fees, and such other relief the Court deems just and equitable.

Dated this 15th day of May, 2018.

*s/ Lori M. Lubinsky*
Lori M. Lubinsky, SBN 1027575
Attorneys for Defendants
AXLEY BRYNELSON, LLP
P.O. Box 1767
Madison, WI  53701-1767
Telephone:  (608) 257-5661
Email: llubinsky@axley.com

F:\EAFDATA\11097\80253\02594264.DOCX